# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BARRY L. BROOKINS,

    Petitioner,

v.

STATE OF CALIFORNIA,

    Respondent.

Case No. CV 18-0306-JPR

MEMORANDUM DECISION AND ORDER DENYING PETITION AND DISMISSING ACTION

## PROCEEDINGS

On December 21, 2017, Petitioner filed in the Eastern District of California a Petition for Writ of Habeas Corpus by a Person in State Custody, arguing that his Sixth, Eighth, and 14th amendment rights were violated in connection with July 1983 convictions for sex crimes. The case was transferred to this district on January 4, 2018, because the challenged convictions occurred in Los Angeles County. On February 13, 2018, Respondent moved to dismiss the Petition as untimely and because Petitioner was allegedly not in custody on the challenged convictions when he filed the Petition. On March 1, 2018, Petitioner filed opposition. Respondent did not file a reply.

The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c)(1). For the reasons discussed below, the Court grants Respondent's motion to dismiss.

**BACKGROUND**

On July 21, 1983, a Los Angeles County Superior Court jury convicted Petitioner in case number A389341 of oral copulation in concert under California Penal Code section 288a(d), oral copulation in jail under section 288a(e), sodomy in concert under section 286(d), and sodomy in jail under section 286(e). (Pet. at 66-69;[1] Lodged Doc. 1 at 1.) He was sentenced to 18 years in state prison for those offenses. (Pet. at 39; Lodged Doc. 1.)[2]

On August 13, 1983, Petitioner and two codefendants appealed. (Lodged Doc. 3); see also Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for case number A389341 in second appellate district) (last visited Sept. 10, 2018). The record does not show what grounds they raised. On November 26, 1985, the court of appeal affirmed the judgment in full. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for case number A389341 in second appellate district) (last visited Sept. 10, 2018).

---

[1] For nonconsecutively paginated documents, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

[2] Petitioner's Abstract of Judgment shows a total determinate term of 36 years, which reflects 18 years for case number A389341 and two unserved nine-year terms for April 28, 1983 convictions for rape in concert under Penal Code sections 261(2) and 261.4 and oral copulation under section 288(a)(d), in case number A388090. (See Lodged Doc. 1 at 1-2.)

Petitioner apparently did not file a petition for review in the state supreme court. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (searches for case number A389341 and "Barry" with "Brookins" yielding no results for petition for review) (last visited Sept. 10, 2018). He filed numerous habeas petitions in the state court of appeal beginning in July 2016 and in the state supreme court beginning in May 2008, none of which were successful. See id. (searches for case number A389341 and "Barry" with "Brookins"). The record does not show what claims were raised in those petitions.

On April 3, 2017, Petitioner filed a habeas petition in the state court of appeal, raising the claims of the Petition.[3] (See Pet. at 18-28.)[4] It was denied on July 12, 2017. (Id. at 18; see also Lodged Doc. 4 at 3, 5, 7.) On September 11, 2017, he filed a habeas petition in the state supreme court, raising the same claims. (See Pet. at 5, 10-17.) On November 21, 2017, the supreme court denied it as untimely and successive. (See id. at 9; see also Lodged Doc. 5 at 11, 13.)

---

[3] That document refers to two habeas petitions Petitioner allegedly filed in the superior court sometime in 2016, case numbers BH010487 and BH009171. (See Pet. at 26-27.) The Los Angeles County Superior Court's case-information website has no record of any filing under those case numbers, however. See Online Servs., Super. Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/online/criminal (searches for case numbers BH010487 and BH009171). To the extent they actually exist, the relevance of those filings to the claims in the Petition is not known.

[4] Respondent did not lodge copies of Petitioner's state-court petitions. Accordingly, the Court cites to the copies attached to the Petition.

3

1 **PETITIONER'S CLAIMS**

I. "Information," apparently relating to perjured testimony and missing evidence, "has been withheld." (Pet. at 3, 5.)

II. An unspecified party "tamper[ed] with [his] court transcripts." (Id. at 3.)

III. The conduct alleged in claims I and II deprived Petitioner of his rights under the Sixth, Eighth, and 14th amendments.[5] (Id.)

**DISCUSSION**

**The Petition Is Untimely**

A. <u>Applicable Law</u>

The Antiterrorism and Effective Death Penalty Act sets forth a one-year limitation period for filing a federal habeas petition and specifies that the period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time

---

[5] As best as can be deciphered, Petitioner's constitutional claims are based on the contention that certain testimony and evidence was presented to the jury at trial but is no longer contained in the trial transcripts. (See, e.g., Pet. at 16-17, 27-28.) Although he argues that this after-the-fact "tamper[ing]" somehow "led to [his] being convicted" (id. at 7), the Court is hard-pressed to see how that could be true. To the extent Petitioner complains simply that his trial transcripts no longer exist, that does not present a claim cognizable on federal habeas review. See <u>Santos v. Clark</u>, No. CV 09-3617-JSL (PJW), 2011 WL 3806953, at *4 (C.D. Cal. June 28, 2011) ("[I]ndigent prisoners do not have a constitutional right to trial transcripts for collateral proceedings." (citing <u>United States v. MacCollom</u>, 426 U.S. 317, 329-30 (1976) (Blackmun, J., concurring), and <u>United States v. Van Poyck</u>, 980 F. Supp. 1108, 1111 n.2 (C.D. Cal. 1997))).

4

1       for seeking such review;

2       (B) the date on which the impediment to filing an
3       application created by State action in violation of the
4       Constitution or laws of the United States is removed, if
5       the applicant was prevented from filing by such State
6       action;

7       (C) the date on which the constitutional right asserted
8       was initially recognized by the Supreme Court, if the
9       right has been newly recognized by the Supreme Court and
10      made retroactively applicable to cases on collateral
11      review; or

12      (D) the date on which the factual predicate of the claim
13      or claims presented could have been discovered through
14      the exercise of due diligence.

15 28 U.S.C. § 2244(d)(1).

16     For claims with an accrual date before the enactment of
17 AEDPA on April 24, 1996, the limitation period is extended to
18 April 24, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246
19 (9th Cir. 2001).

20     AEDPA includes a statutory tolling provision that suspends
21 the limitation period for the time during which a properly filed
22 application for postconviction or other collateral review is
23 pending in state court. See § 2244(d)(2); Waldrip v. Hall, 548
24 F.3d 729, 734 (9th Cir. 2008). No statutory tolling is available
25 for state petitions filed after the end of the federal limitation
26 period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
27 2003).

28     In addition to statutory tolling, federal habeas petitions

are subject to equitable tolling of the one-year limitation period in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Determining whether equitable tolling is warranted is a fact-specific inquiry. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (as amended). The petitioner must show "that he has been pursuing his rights diligently [and] that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (citation omitted).

B. Analysis

Petitioner was convicted on July 21, 1983. (See Lodged Doc. 1.) His convictions therefore became final before the passage of AEDPA. He does not contend that he is entitled to a later trigger date under § 2244(d)(1)(B), (C), or (D), and the record discloses no basis for applying any of those provisions.[6] Accordingly, AEDPA's one-year limitation period began to run on April 25, 1996, and absent tolling of some kind Petitioner had until April 24, 1997, to file a federal habeas petition. See Patterson, 251 F.3d at 1246. Thus, the Petition is ostensibly more than 20 years late.

Petitioner does not claim to have filed any state habeas petition while the limitation period was running, nor is there any evidence he did so. (See Pet. at 5-6, 10-17, 20-28; Lodged Docs. 4, 5.) The many habeas petitions he filed after the

---

[6] To the extent Petitioner may have discovered the alleged tampering with the trial-court record at some later date (see, e.g., Pet. at 3, 7), he has not explained how or when or why he couldn't have discovered it earlier in the exercise of reasonable diligence. Thus, no basis exists for a later trigger date under subsection (D).

6

limitation period expired do not entitle him to statutory tolling. See Ferguson, 321 F.3d at 823. He has not offered any explanation for waiting more than 30 years to seek federal habeas relief, much less one sufficient for equitable tolling of that magnitude, and none is apparent to the Court. See Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) (noting that equitable tolling of 20 years "would be difficult to justify"). Petitioner bears the burden as to both types of tolling, see Holland, 560 U.S. at 649 (equitable tolling); Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) (statutory tolling), and he has not met it here. Thus, the Petition is untimely and must be dismissed. Because the Court denies the Petition as time-barred, it need not address Respondent's argument that Petitioner was not "in custody" on the challenged convictions within the meaning of § 2254(a) when he filed the Petition. (See Mot. Dismiss, Mem. P. & A. at 1-2.)[7]

---

[7] Section 2254(a)'s custody requirement "has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time his petition is filed." Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010) (citation omitted). Once the sentence imposed for a conviction has "completely expired," the collateral consequences of that conviction are not sufficient to render an individual "in custody" for purposes of a habeas petition, and jurisdiction is absent. Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam). That a petitioner is currently incarcerated on some other conviction is generally irrelevant to the custody analysis. See id. at 492-93.

A petitioner released on parole is considered to be "in custody." Jones v. Cunningham, 371 U.S. 236, 242-43 (1963). When a petitioner has yet to serve a term of parole for the challenged conviction because he remains incarcerated on a different conviction, he is still "in custody" on the challenged conviction for purposes of § 2254(a). See Murguia v. Martel, No. CV 09-3054-

7

||||
|---|---|---|
| 1 | | **ORDER** |
| 2 | IT THEREFORE IS ORDERED that Judgment be entered denying the |
| 3 | Petition and dismissing this action with prejudice. |

DATED: September 11, 2018    /s/ Jean Rosenbluth
                              JEAN ROSENBLUTH
                              U.S. MAGISTRATE JUDGE

---

ODW (E), 2009 WL 4980282, at *2-3 (C.D. Cal. Dec. 16, 2009) (finding petitioner "in custody" on challenged conviction when he had served prison sentence on that conviction but had not yet served mandatory parole term and remained incarcerated on different conviction); cf. United States v. Monreal, 301 F.3d 1127, 1130, 1132 (9th Cir. 2002) (finding defendant in custody on challenged federal conviction when he had served prison term on that conviction but had not yet served period of supervised release and was incarcerated for different conviction).

Petitioner was sentenced to 18 years in state prison for the 1983 convictions he challenges here. (See Pet. at 2, 39; Opp'n at 2.) Respondent has submitted evidence showing that that sentence expired no later than September 9, 2009, more than eight years before the Petition was filed. (See Lodged Doc. 2.) (Although Petitioner evidently believes he is "serv[ing] up to 30 year[s] on this case 389341," the record contains no support for that contention. (See Opp'n at 2; Lodged Docs. 1 & 2.)) But it is not clear whether Petitioner's convictions in case number A389341 carried a parole term that he has yet to serve because of his continued incarceration on other convictions. Thus, the Court is without sufficient information to determine whether he remains "in custody" on the convictions he challenges and denies the Petition solely for its untimeliness.